UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY AREA SURGICAL GROUP, INC., | Case No.: 11-CV-00278-LHK |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO STRIKE AS MOOT |
| v. | |
| ANTHEM BLUE CROSS LIFE & HEALTH INSUR. CO., | |
| Defendant. | |

Plaintiff Bay Area Surgical Group, Inc. ("Plaintiff") brings the instant action against Defendant Anthem Blue Cross Life and Health Insurance Company ("Defendant"). In brief, Plaintiff alleges that, pursuant to a written assignment agreement, it is entitled to receive full payment from Defendant for health care services it provided to a patient as the patient's assignee. Defendant moves to dismiss the complaint for failure to state a claim upon which relief may be granted and also moves to strike portions of the complaint. Although Plaintiff's oppositions were due no later than March 31, 2011, as of the date of this Order, Plaintiff has not filed any oppositions. The Court deems these motions appropriate for resolution without oral argument, and vacates the April 21, 2011 motion hearing and case management conference. *See* Civ. L. R. 7-1(b). For the reasons explained below, Defendant's motion to dismiss is GRANTED with leave to amend. Defendant's motion to strike is DENIED as moot.

1

## I. BACKGROUND

In the Complaint, Plaintiff describes itself as an ambulatory surgery center that provides health care services at its facility in Santa Clara, California. *See* Compl. ¶ 8. On May 20, 2009, a patient of Plaintiff underwent epidural injections. Plaintiff alleges that the patient was insured by a "health benefits agreement" with Defendant. *Id*. Under that agreement, Defendant promised to pay for certain costs of health care services incurred by the patient. *Id*.

Plaintiff alleges that, on May 20, 2009, the patient executed an "Assignment of Benefits" to Plaintiff, which authorized Plaintiff, as the patient's assignee, to bill the insurance carrier (Defendant) directly. Pursuant to the assignment agreement, Plaintiff alleges it submitted a timely claim for payment. *Id*. at ¶ 10. However, according to Plaintiff, Defendant has not made the full payment of the outstanding charges.

Based on these allegations, Plaintiff brings suit for three California state law claims: (1) breach of contract; (2) implied covenant of good faith and fair dealing; and (3) common counts. Presently before the Court are Defendant's motion to dismiss for failure to state a claim and motion to strike portions of the complaint.

## II. ANALYSIS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Defendant moves to dismiss on the ground that each of Plaintiff's state law causes of action is preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*. Section 1144(a) of ERISA provides that ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." *See* 29 U.S.C. § 1144(a). The provisions of ERISA "apply to any employee benefit plan if it is established or maintained--(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both." *See* 29 U.S.C. § 1003(a).

Here, Plaintiff seeks to recover payment as the assignee of one of its patients, a patient covered by a health insurance policy with Defendant. The Court finds that the Agreement is an "employee benefit plan" as defined in Section 1003(a). *See* Notice of Removal (with supporting declaration identifying Agreement as expressly covered by ERISA). As the Agreement is covered by ERISA, Plaintiff's three state law claims based on violation of the Agreement are preempted. *See Cedars-Sinai Med. Ctr. v. Nal League of Postmasters*, 497 F.3d 972, 978 (9th Cir. 2007) (recognizing that "ERISA preempts the state claims of a provider suing as an assignee of the beneficiary's rights to benefits under an ERISA plan"); *see also The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995) (affirming "the principle that ERISA preempts the state claims of a provider suing as an *assignee* of a beneficiary's rights to *benefits* under an ERISA plan").[1]

### III.  CONCLUSION

Accordingly, for good cause shown:

(1) the motion to dismiss is GRANTED with leave to amend;

(2) the motion to strike portions of the complaint is DENIED as moot;

---

[1] The Court does not reach Defendants' other grounds for dismissal.

(3) any amended pleading must be filed within twenty-one (21) days of the date of this Order. Failure to timely amend the complaint will result in dismissal with prejudice; and

(4) the April 21, 2011 motion hearing and case management conference are VACATED.

**IT IS SO ORDERED.**

Dated: April 19, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge